UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| SANTIAGO CALLE,  )<br>  )<br>   Plaintiff,  )<br>  )<br>  vs.   )<br>  )<br>TARGET CORPORATION, a/k/a  )<br>TARGET STORES, a foreign corporation,  )<br>  )<br>   Defendant.  ) | No. 2:19-cv-2354<br><br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT AT LAW

NOW COMES Plaintiff, Mr. Santiago Calle, by and through his attorney of record, Ronald S. Langacker, and for his Complaint against Defendant, Target Corporation a/k/a Target Stores, hereby states as follows:

### NATURE OF THE ACTION

1. This action is brought to remedy unlawful discrimination and retaliatory practices as stated under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*. Plaintiff seeks injunctive relief including, but not limited to: back pay and reinstatement to his prior position, other make-whole relief, compensatory damages, and punitive damages against the Defendant.

### JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 and 42 U.S.C. § 2000e-5(f)(3).

3. Venue is proper in the Urbana Division of the Central District of Illinois because the employment practices hereafter alleged to be unlawful were committed within this judicial district.

1

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

4. Plaintiff has exhausted all of his administrative remedies prior to bringing this lawsuit.

5. Plaintiff has filed a charge of discrimination with the Illinois Department of Human Rights ("IDHR") and the Equal Employment Opportunity Commission ("EEOC") in cause 21B-2019-00494, on January 22, 2019. See Plaintiff's Exhibit A, attached hereto. Plaintiff received a "Right to Sue" letter from the EEOC on October 4, 2019, attached hereto as Plaintiff's Exhibit B. All allegations of said charges and exhibits are incorporated by reference hereto.

## PARTIES

6. Plaintiff, Santiago Calle ("Calle"), is a permanent resident of the United States who, at the time of the events outlined in the Complaint, resides in Champaign County, Illinois.

7. Plaintiff is an "employee" within the meaning of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*.

8. During all relevant times, Defendant, Target Corporation a/k/a Target Stores ("Target"), constitutes a corporation doing business within this judicial district, as Target owned, operated, controlled, and/or maintained a retail store located within Champaign, Champaign County, Illinois.

## STATEMENT OF FACTS

9. At all relevant times therein, Plaintiff is a protected party under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*., in that he is Hispanic (Race), and gender non-conforming (Sexual Orientation/Gender-Related Identity).

10. Plaintiff identifies as male, though at times his gender expression does not conform to stereotypical male standards.

11. Plaintiff was employed full-time with Target at the Champaign, Illinois store as a Cashier/Team Member from September 25, 2017 until December 10, 2018.

12. Throughout his employment, Plaintiff performed his job duties in a satisfactory manner consistent with the Defendant's reasonable expectations.

13. Plaintiff's coworkers perceived him as being homosexual because of Plaintiff's gender non-conformity and used homophobic slurs such as "fag," "bitch," and other offensive language toward him.

14. Plaintiff's coworker's harassment against him would not have occurred but for his gender and/or gender expression.

15. Additionally, Plaintiff was required by his supervisor to perform tasks outside of his job description that were considered to be masculine in nature, such as lifting heavy products and retrieving carts.

16. Due to the severe and pervasive harassment, Plaintiff reported his coworker's discriminatory conduct to Target's management on several occasions; however, the Defendant's agents took no action to acknowledge, address, or correct his concerns.

17. On October 14, 2018, Plaintiff was given a "last chance agreement" for allegedly "creating too much drama" at Target, referring to his complaints regarding his coworkers' homophobic slurs.

18. On December 10, 2018, Defendant terminated Plaintiff's employment, allegedly due to a customer complaint. Defendant's agents alleged that a customer had filled out a comment card and stated the Plaintiff had been rude. When asked for more specific information regarding the allegations, Target refused to provide Plaintiff with a copy of the comment card or any further information.

## COUNT I
### (Violation of Title VII – Gender)

19. Plaintiff repeats and re-alleges the paragraphs in this Complaint as if fully set forth herein.

20. Plaintiff is in a protected class because of his gender-identity, and is gender non-conforming.

21. Throughout his employment, Plaintiff performed his job duties in a satisfactory manner consistent with Defendant's reasonable expectations.

22. Plaintiff suffered an adverse employment action in that he was severely and repeatedly harassed at work, forced to do tasks outside of his job description, given a "last chance agreement," and ultimately terminated as a result of his gender-identity and/or gender non-conformity.

23. The conduct as described above constitutes discrimination on the basis of Plaintiff's gender.

24. Defendant permitted a hostile work environment to exist for Plaintiff by allowing other employees to use homophobic slurs towards him, as well as mandating that he perform tasks outside of his job description.

25. By the conduct described hereinabove, Defendant has willfully and intentionally, with malice or reckless disregard of Plaintiff's rights, engaged in unlawful and discriminatory employment practices materially affecting and altering the terms and conditions of Plaintiff's employment in violation of Title VII.

26. Moreover, Plaintiff was treated differently than his similarly situated coworkers. Other individuals who were not members of the Plaintiff's protected class with similar contributions and achievements have not been terminated under similar circumstances by the Defendant.

27. That as a direct and proximate result of one or more of the above acts of retaliation as described above, Plaintiff has sustained damages equal to lost monetary damages, damage to his professional reputation, emotional distress, and is entitled to compensatory damages,

punitive damages, as well as attorneys' fees and costs.

## COUNT II
### (Violation of Title VII—Race)

28. Plaintiff repeats and re-alleges the paragraphs in this Complaint as if fully set forth herein.

29. Plaintiff was in a protected class as a result of his race (Hispanic).

30. Throughout his employment, Plaintiff performed his job duties in a satisfactory manner consistent with Defendant's reasonable expectations.

31. Plaintiff suffered an adverse employment action in that he was severely and repeatedly harassed at work, given a "last chance agreement," and was ultimately terminated.

32. The conduct as described above constitutes discrimination on the basis of Plaintiff's race.

33. By the conduct described hereinabove, Defendant has willfully and intentionally, with malice or reckless disregard of Plaintiff's rights as a Hispanic employee, engaged in unlawful and discriminatory employment practices materially affecting and altering the terms and conditions of Plaintiff's employment in violation of Title VII.

34. Plaintiff was treated differently than his similarly situated coworkers. Other individuals who were not members of the Plaintiff's protected class with similar contributions and achievements have not been terminated under similar circumstances.

35. That as a direct and proximate result of one or more of the above actions as described above, Plaintiff has sustained damages equal to lost monetary damages, damage to his professional reputation, emotional distress, and is entitled to compensatory damages, punitive damages, as well as attorneys' fees and costs.

## COUNT III
### (Violation of Title VII—Retaliation)

36. Plaintiff repeats and re-alleges the paragraphs in this Complaint as if fully set forth herein.

37. Title VII makes it unlawful for an employer to discriminate against an employee because he or she has opposed any practice made an unlawful by Title VII, or if he or she has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under Title VII.

38. Plaintiff engaged in a protected activity in that he reported incidents of harassment and discriminatory conduct on the part of his coworkers to Defendant's management.

39. Plaintiff faced retaliation and suffered an adverse employment action by the Defendant as a result of his engaging in a protected activity, as he was ultimately terminated.

40. A causal connection exists between Plaintiff's protected activities and the adverse employment actions of the Defendant.

41. Defendant has subjected Plaintiff to the above-described less favorable terms and conditions of employment, failed to take proper steps to address Plaintiff's complaints of discrimination and harassment, and terminated Plaintiff's employment because of his protected activity in violation of Title VII.

42. Defendant has treated similarly situated employees who did not report discrimination and/or engage in protected activity more favorably than Plaintiff.

43. That as a direct and proximate result of one or more of the above acts of retaliation as described above, Plaintiff has sustained damages equal to lost monetary damages, damage to his professional reputation, emotional distress, and is entitled to compensatory damages, punitive damages, as well as attorneys' fees and costs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Court:

A. Award damages to Plaintiff for loss of pay and benefits incurred as a result of the discrimination against him as alleged in this Complaint, pursuant to and within the statutory limits under Title VII of the Civil Rights Act, as well as incidental, consequential, and punitive damages;

B. Order that Defendant reinstate Plaintiff to his position prior to his termination;

C. Grant Plaintiff a judgment for compensatory damages as to each count in an amount sufficient to fully compensate him, and grant Plaintiff a judgment against Defendant for punitive damages;

D. Assess against Defendant and in favor of the Plaintiff such liquidated and exemplary damages as may be provide for the willful violations of the law;

E. Award Plaintiff damages for pain and suffering;

F. Award Plaintiff pre-judgment interest for the sum of wages and benefits lost;

G. Grant Plaintiff reasonable attorneys' fees, costs, and fees for experts; and

H. Grant Plaintiff such other relief as this Court deems necessary and proper.

PLAINTIFF DEMANDS TRIAL BY JURY.

SANTIAGO CALLE,
PLAINTIFF

By: /s/Ronald S. Langacker
Ronald S. Langacker
Attorney for Plaintiff

Ronald S. Langacker, #6239469
Attorney for Plaintiff
Langacker Law, Ltd.
210 N. Broadway Ave.
Urbana, Illinois 61801
(217) 954-1025
ron@langackerlaw.com